IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                Case No. 23-10012-JWB

LAQUAVION M. BENTLEY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's appeal of the magistrate judge's order of detention. (Doc. 13.) The court held a hearing on April 10, 2023, and took the matter under advisement. For the reasons stated herein, Defendant's motion for revocation of detention (Doc. 13) is DENIED and the magistrate judge's order of detention pending trial (Doc. 10) is AFFIRMED.

**I.  Facts**

On February 22, 2023, a grand jury returned a single count indictment against Defendant for possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841 and 5861(d). (Doc. 1.) The parties agreed to proceed by proffer at the hearing. The proffered facts relating to the alleged offense are as follows.

On September 15, 2022, Defendant was with a friend and other individuals. On that occasion, they were both in possession of firearms although Defendant is unable to lawfully possess a firearm under Kansas law due to his status as a convicted felon. According to Defendant, they were using substances and Defendant's friend got upset and pulled out a firearm. Defendant then pulled out his own firearm and fired a warning shot in the air. Defendant's friend proceeded

1

to fire four shots at Defendant. Defendant returned fire, which ultimately resulted in the death of his friend.

The next day, Defendant was arrested by Wichita police officers. Law enforcement also executed a search warrant at Defendant's mother's home. During the search, law enforcement located a suppressor in a dresser drawer along with Defendant's student identification card. The suppressor has no marking or serial numbers and has not been registered. Defendant was initially arrested by law enforcement for second degree murder but the state prosecutor declined to prosecute the charge based on the evidence. Defendant was ultimately charged with criminal possession of a weapon by a felon and criminal threat. Those charges remain pending.

Defendant was arrested on February 28, 2023, on the charge in this case and, upon the government's motion, ordered detained pending trial. (Doc. 10.) Defendant now seeks revocation of the detention order and moves for release pending trial.

**II.    Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), Defendant may seek review of a magistrate judge's order of detention. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id*.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense...involves a [] firearm...;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id*. at 1252

**III.    Analysis**

    **A. Nature and Circumstances of the Offense**

In reviewing this factor, the court is to consider the nature and circumstances of the offense charged, including if it involves a firearm.  The offense charged is one under the tax code involving the registration of firearms.  Under that statute, it is unlawful to possess a covered firearm that is not registered to him under the National Firearms Registration and Transfer Record.  26 U.S.C. § 5861.  Under § 5845, Congress defined the term "firearm" to include a "silencer," as that term is defined in 18 U.S.C. § 921; and that provision defines a "firearm silencer" as "any device for silencing, muffling, or diminishing the report of a portable firearm." *Id.* § 921(a)(25).  Thus, what Congress defined as a silencer is what is commonly and more correctly referred to as a suppressor, the term "silencer" having arisen as a brand name for an early model suppressor patented in 1909.  A suppressor "is a firearm accessory; it's not a weapon in itself." *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018).  Section 5861 punishes a defendant for failing to properly register a firearm.  It is essentially an offense for failing to complete paperwork and, in and of itself, is not particularly serious.  The government has proffered that the item found in Defendant's dresser is a suppressor, which is a firearm only in the sense that Congress has defined it to be one.  There was no proffer by the government that this suppressor was used in the shooting of Defendant's friend or in any other shooting.  Therefore, the nature of the crime charged and the fact that a suppressor is an accessory do not support a finding that this crime is one that is particularly serious or dangerous.

Given the circumstances here, this factor favors release.

### B. Weight of the Evidence

The government's proffer indicates the weight of the evidence as to Defendant is strong.  The government contends that the item found during the execution of a search warrant is a suppressor, that Defendant was living with his mother in the home, and that the suppressor was

found in a bedroom dresser drawer alongside Defendant's identification. Defendant argues that the search was unlawful and that he may make legal challenges to the criminal statute. The court will review those motions if and when they are filed.

Upon review of the proffered evidence, the court finds that this factor weighs in favor of detention.

### C. History and Characteristics of Defendant

Defendant is only 19 years old and has significant ties to the community. He has family support and his family was present for the hearing. Defendant was previously employed and hopes to return to his prior employer if released on bond. Defendant has proposed to live with his mother or with his aunt. On the other hand, a review of Defendant's criminal history shows he has had prior convictions and repeated arrests for actual firearms violations. His criminal history reflects four juvenile adjudications involving firearms. Defendant's first conviction as an adult was in February 2022 for possession of marijuana. In April 2022, Defendant was charged with criminal possession of a weapon by a felon, possession with intent to use drug paraphernalia, and interference with a law enforcement officer. Defendant is currently on bond in that case. During the detention hearing, Defendant admitted to the drug possession but asserted that the weapon did not belong to him. In July 2022 and while on bond for the April charges, Defendant was charged with aggravated robbery and aggravated battery. Defendant was again placed on bond. His criminal history reflects that he failed to comply with bond due to additional criminal charges or arrests. In early September 2022, he was charged with driving under the influence although the status of that case is unknown. On September 15, he was arrested for the charges related to his use of a firearm in his friend's death. On January 24, 2023, he was arrested for criminal discharge of a firearm, aggravated assault, and criminal possession of a weapon by a felon. Defendant asserts

that this January 2023 charge occurred after another individual began shooting at his vehicle and, as a result, his passenger returned fire. These charges remain pending. While Defendant contends that he has meritorious defenses to some of these crimes he has been charged with over the last year, his continued involvement with actual firearms and law enforcement while on bond demonstrates that he is unable to abide by conditions while on release.

Importantly, Defendant was on state bond when he allegedly committed the offense set forth in the indictment. This is a factor that is to be considered under the statute. § 3142(g)(3)(B). Collectively, these factors weigh in favor of a finding of limited flight risk, but that Defendant poses a danger to the community. *See United States v. Vorrice*, 277 F. App'x 762, 764 (10th Cir. 2008).

Defendant's history and characteristics generally weigh in favor of detention.

**D. Danger to the Community**

The court is required to order the pretrial release of a person subject to conditions unless the court determines that such release will endanger the safety of any other person or the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022); *see also United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). The court finds that the government has established by clear and convincing evidence that there are no conditions of release which will ensure the safety of the community. 18 U.S.C. § 3142(f)(2)(B) (facts regarding safety of the community must be supported by clear and convincing evidence).

Taken as a whole, the court finds that the available information concerning the § 3142 factors shows by clear and convincing evidence that Defendant's release would pose a danger to the community. As stated above, Defendant's criminal history and recent arrests show that Defendant continually fails to abide by the law and the conditions of his bond. Moreover, while Defendant may have asserted justifications for the use of a firearm, *i.e.* self-defense, Defendant disregards Kansas law in that he is prohibited from possessing a firearm.

The court believes Defendant's pattern of criminal conduct demonstrates a very real threat of continued involvement in criminal activity even when Defendant is on bond. Defendant's actions show that he continues to commit crimes while on bond and even continues to be involved in situations involving criminal activity. There are no conditions that will assure his compliance and the safety of the community.

## IV.    Conclusion

The government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would reasonably assure the safety of others and the community if Defendant were released pending trial. The magistrate judge's order of detention previously entered (Doc. 10) is accordingly AFFIRMED and Defendant's motion for revocation of that order (Doc. 13) is DENIED.

Defendant Laquavion Bentley is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of

the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.  Dated this 14th day of April, 2023.

                                                                                            s/ John W. Broomes
                                                                                           JOHN W. BROOMES
                                                                                           UNITED STATES DISTRICT JUDGE